No. 3890.

(Court of Appeal, Parish of Orleans.)

THE RUDDOCK ORLEANS CYPRESS COMPANY vs.
CHARLES DeLUPPE AND A. A. CARRIERE.

"No disputed questions of law arises in this case, the only issue
being one of fact in which the plaintiff carries the burden of proof;
the evidence is contradictory; the Judge a qua determined the
issue of fact in favor of the defendant."

Appeal from Civil District Court ,Division "D."

H. H. Hall, for Plaintiff and Appellant.

P. D. Olivier, Oscar Schreiber, for Defendant and Appellee.

ESTOPINAL, J. Plaintiff sued the defendants in solido.
avering in its petition "that on 'or about the month of April
1904, the said Charles DeLuppe (who alleged that he purchased
the same for account of A. A. Carriere, to be used in a build-
ing which he was constructing for the latter), purchased and re-
ceived from petitioner, lumber and merchandise of the value of
one hundred and thirteen dollars and twenty-nine cents
($113.29)."

"That said A. A. Carriere having denied responsibility and
liability for the price of the lumber, claiming it was not used on
his building, petitioner in that case avers that Charles DeLuppe
is then responsible and liable for the price of the lumber."

"That the said Charles DeLuppe, as a matter of fact in pur-
chasing the said lumber for account of A. A. Carriere, bought
same as well for his own account and on his personal guaranty
of payment."

Defendant, Carriere, filed exceptions which were overruled,
whereupon he answered, setting up a contract, which is made
part of his answer, and averring that he notified plaintiff not
to deliver any lumber to DeLuppe without a written order from
him, and further, that the lumber, the price of which is sued for
here, was not used in his building. This is borne out by the
evidence, DeLuppe answers, averring a contract, but setting up
that it was understood and that he was authorized by Carriere

425

to purchase material for account of Carriere. The proof of this is absent. The contract and specifications show precisely his relations with Carriere.

In a very clear and lucid written opinion the learned Judge a quo, who saw and heard the witnesses, resolved both the facts and the law in favor of plaintiff as against DeLuppe, and against plaintiff and in favor of Carriere. Plaintiff appeals. Plaintiff, in order to attach liability to Carriere, makes quite a wide sweep in his position, but it does not occur to us that he has succeeded. Carriere's petition is fortified by the contract with DeLuppe, the terms of which cannot be mistaken. The contract explodes the theory of agency suggested by plaintiff's petition. Again, the first purchase of a bill of fifty-one dollars and thirty-five cents ($51.35), shows on its face that it was made by DeLuppe for his own account, and in any event, the contract recites that he, DeLuppe, is to furnish all necessary labor and material. The written evidence is clear and cannot be contradicted.

Prooff is abundant that DeLuppe was without authority to purchase material for account of Carriere, and that plaintiff had been notified not to sell to DeLuppe for his (Carriere's) account.

The various other questions which are at issue here are in no way reduced to writing, but are all alleged verbal agreements and statements. The evidence on the subject is contradictory, and the plaintiff carries the burden of proving the case.

The learned Judge of the District Court concluded that the plaintiff had failed to attach any liability to defendant Carriere, the weight of the evidence being on that side. This appears to be a question of the credibility of witnesses, and not one of appreciation of evidence.

After a careful study of the record we agree with the Judge a quo, and adopt his opinion as the opinion of the Court, as follows:

"The first allegation in the petition is that the material was purchased by Charles DeLuppe for account of A. A. Carriere. This allegation, standing alone, would, of course, exclude De-Luppe from responsibility to the plaintiff. But, the said para-

graph in the petition discloses that Carriere had employed De-Luppe to make the improvements to the building, and therefore, an action would lie against LeLuppe for the value of the materials purchased by him. The paragraph referred to is in the following language:

"That in or about the month of April, 1904, the said Charles DeLuppe, (who alleges that he purchased the same for account of A. A. Carriere, to be used in a building which he was constructing for the latter, purchased from your petitioner lumber and merchandise of the dimensions, qualities and values set out in the annexed statement made part hereof." But the allega-tion just quoted is denied in the Fourth paragraph of the petition, in the following language: "Petitioner avers that the said DeLuppe, as a matter of fact, in purchasing said lumber for account of said A. A. Carriere, bought the same as well for his own account and on his personal guarantee of payment." Then again, in the third paragraph, petitioner alleges: "That said A. A. Carriere claimed that said lumber was not used in the said building, but was diverted therefrom, and that therefore, he was not responsible for the price of the same, in which case, your petitioner avers that said LeLuppe is indebted to it for the price of such part of said lumber as was thus diverted; and that your petitioner is unable, without joining both of said parties as defendants in the said suit, to determine the responsibility in question."

"An exception of no cause of action and misjoinder of parties was filed, but, in the opinion of the Court, those exceptions were not well taken, for the reason that allegations were made as against both defendants, alleging responsibility on their part. There was no motion filed to compel plaintiff to elect whether it was suing Carriere as principal, or whether it was suing him on a promise to pay the bills of DeLuppe."

"On the trial of the case, there was no evidence offered to sustain the allegation of agency, and Carriere, therefore, cannot be held as principal. Plaintiff has not, in its petition or in the testimony offered on the trial of the case, attempted to show that it fell within the law as regards building contractors and the

owners of property, it is not a mason, carpenter, or other workman employed in the construction of buildings, and is not, therefore, authorized to sue the owner of the building direct. C. C. Art. 2770. It does not allege that the owner has not paid the contractor, and therefore, its proceeding is not under Articles 2773, C. C., which provides:

"Workmen and persons furnishing materials, who have contracted with the undertaker, have no action against the owner who has paid him. If the undertaker be not paid, they may cause the money due him to be seized, and they are of right subrogated to his privilege." Although the allegations in the petition show knowledge on the part of the plaintiff of the relations between the two defendants, the suit is clearly under Section 3 of Article 3249, C. C. which provides:

"Those who have supplied the owner or other persons employed by the owner, his agent or sub-contractor, with materials of any kind for the construction or repair of an edifice or other work, when such materials have been used in the erection or repair of such houses or other works."

"The above named parties shall have a lien and privilege upon the buildings, improvement or other work erected, and upon the lot of ground not exceeding one acre, upon which the building, improvement or other work shall be erected; provided that such lot of ground belongs to the person having such building or other work erected, etc." But plaintiff denies that it is prosecuting its claim under the provisions of said Article. Neither does plaintiff allege liability on the part of Carriere under Article 3272 C. C., which provides that: "Architects, undertakers, bricklayers, painters, master builders, etc., and other workmen employed in constructing, repairing or rebuilding houses, buildings or making other work; those who have supplied the owner or his agent or sub-contractor with materials of any kind for the construction or repair of his building or other works x x x, preserve their privilege, only in so far as they have recorded, with the Recorder of Mortgages in the Parish where the property is situated, the act containing the bargains they have made, or a detail statement of the amuont due, attested under the oath of the party doing or having the work done, or acknowledgment

of what is due to them by the debtor." The evidence shows that there was no attested account served upon Carriere, nor was there any registry of the account sued upon in this case. Art. 3274 C. C.

On the trial of the case, counsel for the plaintiff stated that his suit was not brought on the theory of agency, not yet upon the theory of Carriere being the principal or owner in a building contract, but rather under the maxim that one should not enrich himself at the expense of another. This principle is found in our law in Art. 1816 of the Civil Code, in the following language: "To receive goods from a merchant without any express promise, and to use them, implies a contract to pay the value."

This is under the heading in the Code: "Of the Consent Necessary to Give Validity to a Contract," and "Of the nature of the Consent, and how it is to be shown." In such cases, the presumption of the law is that the one who receives the goods of a merchant, and uses them, implies an obligation upon his part to pay the value of the same. It is in the nature of a quasi contract, and it is completed by the receiving and using of the goods of another person. C. C. 1803.

And the presumption of law is that each party has conferred upon the other the right of judicially enforcing the performance of the agreement, unless the contrary be expressed or may be implied. C. C. 1799.

The burden of proof rests here upon the plaintiff. It has not shown that it furnished to Carriere the lumber sued upon in this case, or that he has received and used it. The law will not therefore, presume that Carriere has contracted to pay the value of said merchandise. On the contrary Carriere testifies that he notified the agent of the plaintiff that he would not pay for any merchandise that was ordered by DeLuppe unless he (Carriere), first approved of the order. The testimony of the plaintiff is supported by that of Mr. Olivier, a reputable member of the bar, who was present at the time that the notice was given, before the bill of goods involved in this case was ordered. It is also supported by the testimony of Mr. Haydel, a third person, not

429

interested in this suit, who was present at the time that Mr. Carriere gave the notice to the plaintiff's agent.

It is true that agent of plaintiff testified that Mr. Carriere promised him to pay this bill, but the testimony of this witness is most unsatisfactory and unconvincing. There is also the testimony of Mr. LeLuppe, to the effect that Mr. Carriere had promised him (DeLuppe, that he would pay the bill. But, the preponderance of evidence is in favor of Carriere, going to shows that plaintiffs contracted with DeLuppe under the theory were proved by the testimony of these persons, it would have to be disregarded, under Art. 2278 of the Civil Code, which provides that: Parole evidence shall not be received xxxx to prove any promise to pay the debt of a third person." Merz vs. Labuzan & Carter, 23 Ann. 747.

That this bill is the bill of Charles DeLuppe is quite satisfactorily proven by the written evidence in the record, showing the first bill of lumber, amounting to $51.90, being "sold to C. DeLuppe," and having the endorsement thereon, "Mr. Carriere, please honor this bill, and charge to C. LeLuppe, your Contractor." The next bill, the one sued on for $113.29, is, "Sold to Chas. DeLuppe for A. A. Carriere," but, as plaintiff disclaims a suit upon agency, and as it alleges in its petition that DeLuppe bought on his own account, the making of this bill against Carriere is simply an after-thought.

The argument presented by all counsel before the court proceeding upon the theory that the written contract and specifications had been offered in evidence. An examination of the record shows that they were not so offered; but, there is sufficient testimony in the record to show that there was a written contract entered into between DeLuppe and Carriere, the defendants, amounting to the sum of $875.00 and the evidence further shows that plaintiffs contracted with LeLuppe under the theory or presumption that he was building or repairing the property of Carriere, the owner. All parties, therefore, had the right to presume that they were operating under the law with reference to building contracts.

It is now alleged, and it is not proved, that Carriere had any money in his hands to the credit of DeLuppe; and there is no

reason in law why there should be a judgment against Carriere in favor of a creditor of DeLuppe, even if there was such a balance. Mr. LeLuppe has not instituted suit against Carriere and their differences cannot be settled here.

It is therefore ordered, adjudged and decreed, that there be judgment in favor of plaintiff and against Charles DeLuppe, in the sum of $113.29, with costs.

It is further ordered, adjudged and decreed that there be judgment in favor of A .A. Carriere, and against the plaintiff, dismissing its suit with costs."

Judgment affirmed.